[Civ. No. 3424.  First Appellate District, Division One.—August 28, 1920.]

PETER JOHNSON, Appellant, v. HEDVIG NELSON et al., Respondents.

[1] MORTGAGES—FORECLOSURE—JUDGMENT FOR EXCESS ON SALE—ABSENCE OF LIEN—TITLE OF PURCHASER.—In an action to foreclose a mortgage, a judgment and decree (after providing for the foreclosure of plaintiff's mortgage) that one of the defendants have judgment against the plaintiff for any sum which the latter may receive out of the proceeds of the foreclosure sale in excess of the amount of his judgment, with accrued interest and costs of suit and of sale, will not constitute a judgment lien affecting the

mortgaged premises; and the plaintiff in such action, if he purchases the property upon the foreclosure sale, becomes the owner thereof free and clear of any claim of said defendant, notwithstanding the plaintiff bids the property in for a sum in excess of the amount due him, under his judgment and the costs of sale.

[2] ID.—PERSONAL AGREEMENT TO PAY DEFENDANT—ENFORCEMENT IN QUIET TITLE ACTION.—An agreement by the plaintiff, entered into on the day of the sale with one of the defendants in the foreclosure action, that in the event he receives a deed to the property or in the event of the redemption of the same he will pay said defendant a certain sum of money, while it might be enforced in a personal action against him, cannot be enforced against plaintiff in an action brought by him to quiet title to the property after he has secured his deed.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Reversed.

The facts are stated in the opinion of the court.

Harold E. Thomas for Appellant.

C. C. McWhinney and R. C. Noleman, *in pro. per.*, for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants in an action to quiet title wherein the trial court undertook to hold that while the plaintiff had title to the property in question, it was subject to a certain judgment lien which the defendants held by virtue of a judgment in a prior action between certain of the parties to this suit.

The facts of the case, in so far as they can be extracted from the very unsatisfactory record before us, appear to be these: The defendant and cross-complainant Hedvig Nelson at one time owned the premises in question, upon which she desired to construct an apartment house. She applied to the plaintiff herein for a loan of money for the purpose of such construction, and executed to him two notes and mortgages, one for the sum of $7,200 and the other for the sum of $9,000, the said mortgagee agreeing that he would advance the amount of these two loans as needed in the construction of the building. He failed to make certain payments for labor and material as they fell due, and in consequence mechanics' liens were filed against

the building, which were in due course foreclosed, and the property bought in at the foreclosure sale by one C. A. Decoo, who was the trustee of the lienholders. [1] Thereafter the mortgagee brought an action to foreclose upon his two mortgages against Hedvig Nelson, making all of the lienholders parties to said foreclosure suit. In that action Hedvig Nelson filed a cross-complaint against the plaintiff therein, Peter Johnson, seeking to recover from him the amount he' had failed to pay over to her or the materialmen according to the agreement in said mortgages. That cause went to trial, and upon the trial the plaintiff therein, Peter Johnson, was awarded a judgment of foreclosure of said mortgages for the full amount of his two notes, with interest and costs, amounting to $22,429.93; but the court in passing upon the cross-complaint of Hedvig Nelson rendered the following judgment thereon: ''And it is further ordered, adjudged and decreed that the defendant and cross-complainant Hedvig Nelson have judgment against the plaintiff, Peter Johnson, for any sum which he may receive from out of the proceeds of said sale in excess of the costs and expenses of said sale, his costs of suit herein, and the sum of $22,429.93, together with interest thereon at the rate of seven per cent per annum from the date of entry of judgment herein to the time of said sale, such judgment for said defendant and cross-complainant, Hedvig Nelson, however, not to exceed the total sum of $2,582.65, together with interest on said sum of $2,582.65 at the rate of seven per cent per annum from and after the date of entry of judgment herein to the time of said sale.''

The order of sale was issued upon the general judgment of foreclosure in that action, and at the sheriff's sale conducted in pursuance of said order the said plaintiff, Peter Johnson, bid in the property for the sum of $25,854.70, and the same not having been redeemed from such foreclosure sale, a deed in due course was issued to Peter Johnson as the purchaser at said sale. Upon obtaining said deed Peter Johnson brought the present action to quiet his title to the property, making Hedvig Nelson and also C. C. McWhinney and R. C. Noleman, to whom she had assigned certain interest in her aforesaid judgment, parties defendant thereto. These defendants to this action filed their cross-complaint therein, wherein it was asserted that by virtue of the afore-

said conditional judgment rendered in favor of Hedvig
Nelson in the foreclosure suit she had acquired and measur-
ably assigned to her codefendants a judgment lien upon the
premises in question, which she was entitled to have pro-
tected by the judgment in this case. The trial court under-
took to recognize and establish such lien in its judgment
herein, and from such judgment so doing the plaintiff prose-
cutes this appeal.

We are unable to comprehend upon what possible theory
the trial court in this action could hold that the judgment
attempted to be rendered in favor of Hedvig Nelson in
the former foreclosure suit could constitute a judgment
lien affecting the premises in this action. It does not upon
its face purport to create such a lien; and it could not well
do so for the reason that it was apparently founded
upon a personal claim which the defendant, Hedvig Nel-
son, in that action had against the plaintiff, Peter John-
son, for money to which she claimed to be entitled and
which he had failed to pay over to her or for her benefit;
but, even conceding such claim to be well founded, it could
not possibly in that action have been made the basis of a
lien upon the property in question, but could at most have
only taken on the character of a personal judgment against
Peter Johnson, which might be satisfied by an execution
issued against any property which he might own. No such
method, however, was ever pursued by Hedvig Nelson; and
it is plain from the nature of her so-called conditional
judgment that no such method ever could have been pur-
sued for the reason that the condition contained in such
judgment was such that the judgment could never ripen
into an absolute one. The condition was that Hedvig Nelson
should have judgment against Peter Johnson "for any sum
which he may receive out of the proceeds of said sale in
excess of the costs and expenses of said sale, his costs of
suit therein and the sum of $22,429.93, together with inter-
est thereon at the rate of seven per cent per annum from
the date of entry of judgment herein to the time of said
sale." How it would be possible for Peter Johnson to re-
ceive out of the proceeds of said foreclosure sale any sum
whatever in excess of the full amount of his judgment with
accrued interest and costs to the time of the sale passes our
comprehension, since if any sum was bid at said sale either

49 Cal. App.—7

by Peter Johnson or any other bidder in excess of the full amount due upon Peter Johnson's judgment it would be the sheriff or commissioner conducting such sale who would receive such excess, and who would upon the satisfaction of the Peter Johnson judgment pay the same over in due course of law to Hedvig Nelson or to which of the other defendants in said action who might be entitled thereto. The only possible way in which Peter Johnson could ever receive any sum whatever in excess of his judgment would be in the event of a redemption of the property by some one or other of the defendants or their assigns in said foreclosure proceeding; but even in that eventuality (which never in fact occurred) Hedvig Nelson would be entitled to no portion of the redemption money either under the terms of her so-called judgment or under the law relating to redemptions of property from foreclosure sales. For these reasons it is clear that the so-called conditional judgment of Hedvig Nelson could never ripen into an absolute judgment so as to be the basis of a lien upon the premises in question. When, therefore, Peter Johnson received title thereto through the deed issued to him as a result of said foreclosure sale he became the owner thereof free and clear of any such lien as the defendants and cross-complainants attempt to assert in this action.

[2] In their cross-complaint herein the defendants and cross-complainants, however, set forth an additional set of facts out of which they claim their asserted lien arose. They contend, and the trial court found, from the evidence educed before it that on the day on which the foreclosure sale in said former action was to occur one of the attorneys for Hedvig Nelson caused to be prepared and presented in triplicate for the signature of Peter Johnson an agreement whereby Peter Johnson agreed that at the time of said sale he would bid an amount sufficient to cover his judgment, together with the judgment awarded said Hedvig Nelson, upon the following terms and conditions: "In case of a deed or redemption of said property said Peter Johnson will pay to said Hedvig Nelson and her attorneys one-half the amount of her judgment without interest." There was some controversy before the trial court as to the identity and terms of said agreement, one of which triplicate copies only was offered in evidence, and which Peter Johnson

claimed differed in certain respects from the original which he had signed. The court resolved this controversy in favor of the cross-complainants, but we are entirely at a loss to see how such an agreement, assuming the same to have been made by Peter Johnson, could be the basis of a lien upon the premises in question, since at most it could be nothing more than a personal agreement of Peter Johnson that in the event of his receiving a deed to the premises or of the redemption of the same he would pay to Hedvig Nelson or her assigns a certain sum of money. These cross-complainants might have enforced such an agreement in a personal action against Peter Johnson after the receipt by him of his deed to the property, but they could not enforce it in this suit to quiet title.

The foregoing views indicate the proper disposition of this case, and render unnecessary a consideration of the matters involved in the plaintiff's motion for a new trial.

Judgment reversed.

Waste, P. J., and Welch, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 27, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 25, 1920.

Angellotti, C. J., Shaw, J., Lawlor, J., and Olney, J., concurred.

Wilbur, J., and Sloane, J., voted for rehearing.